## CRONE *v.* NEW YORK CENT. & H. R. R. CO.

*(Superior Court of Buffalo, General Term.   October 26, 1892.)*

RAILROADS—ACCIDENT AT CROSSING—OBSTRUCTION—DELAY.

> One who is obliged to wait a little the movement of a train at a railroad crossing, and then, on attempting to cross, is struck by a train on another track, is not guilty of negligence in lingering on the track.

Action by Mary F. Crone, an infant, etc., against the New York Central & Hudson River Railroad Company for personal injuries.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

*James F. Gluck,* for appellant.   *Howard & Clark,* for respondent.

WHITE, J.   That the jury was justified in finding the defendant guilty of negligence in operating its engine, which caused the injury complained of, cannot be seriously questioned.   The appellant contends that the plaintiff was guilty of contributory negligence on the ground that she lingered or loitered at the point where the accident happened, when she ought to have passed on to a place of safety.   As an abstract proposition of law, it is probably true that if a person approaches several railroad tracks, and takes an observation, and sees that the crossing of those tracks is safe, he ought not, in the exercise of care, to stop and linger upon the tracks, but it is his duty to advance and pass them as rapidly as is consistent with due care; and if he does stop and loiter until the time when it is unsafe, instead of going to a place of safety, and by reason thereof injury results, he is guilty of contributory negligence.   But I am unable to see what application can be made of such a principle to the case before us, because the plaintiff was prevented from crossing the several tracks promptly to a place of safety by a moving train of cars on one of the defendant's tracks; nor is there any evidence that she lingered or loitered on the tracks.   On the contrary, such evidence as there is tends to prove that, immediately upon the movement off the street of the train on track No. 4 south of the flag shanty, the plaintiff and her companions started to cross to a place of safety, when they were struck on track No. 2 by an engine backing across the street, unobserved by them until they were on this track No. 2, when it was too late to escape.   I think the case was properly submitted to the jury, and that the ruling of the trial judge on the question of contributory negligence by the plaintiff was right, and therefore the order and judgment appealed from should be affirmed, with costs.   All concur.